CENTRAL TRUST CO. OF ILLINOIS ET AL. v. HAYNES.

[69 South. 663.]

TAXATION.    *Action to confirm tax title.    Pleading.    Cure.    Statutes.*

Where a bill to confirm a title purchased at a tax sale, alleged that one of the defendants was claiming title and had executed a deed of trust to the other defendant, that the property had been legally assessed to an unknown owner for taxes due the county, that after the collector's failure to sell for delinquent taxes the county board of supervisors by order entered on its minutes directed the sheriff to sell it on a certain date, that after due advertisement the collector made the sale on such date and executed a deed to the purchaser at the expiration of two years and complainant had title from such purchaser. The defects if any there were in the allegations of the bill of complaint were cured by sections 4332 and 4367, Code 1906, and a demurrer to the bill was properly overruled.

APPEAL from the chancery court of Lamar county.

HON. R. E. SHEEBY, Chancellor.

Bill by Mrs. W. P. Haynes against the Central Trust Company of Illinois and others. Demurrer to bill overruled and defendants appeal.

Appellee filed her bill in the chancery court of Lamar county against Camp & Hinton Company, the Central Trust Company of Illinois, and A. Uhrlaub as defend-

ants, alleging that she was the legal owner of the land in controversy, having purchased same from one Whitsett, who had purchased it at a tax sale. The bill is for the purpose of quieting her title and cancelling the claim of the defendants herein to the property; it being alleged that the Camp & Hinton Company was claiming title to the land, and that it had executed a deed of trust to the Central Trust Company, Uhrlaub being named as trustee. The bill alleges, after deraigning the title, that said property was duly and legally assessed on the assessment roll of said county for taxes due the county and state for the fiscal year of 1906 to an unknown owner, and that, the taxes thereon having become delinquent, and the tax collector of said county having failed to sell said lands for said delinquent taxes for said year on the date designated by the statute, and having reported said failure to the board of supervisors, said board, by order entered on the minutes, directed the sheriff to make said sale on the 6th day of May, 1907, and that, after due advertisement according to the law, the tax collector proceeded to make the sale on the date mentioned, when Whitsett became the highest and best bidder, and the lands were struck off to him, and that the tax collector executed a deed conveying said land to said Whitsett, which deed remained on file for more than two years with the chancery clerk of said county, and that after the expiration of two years, to wit, on the 7th day of May, 1909, the chancery clerk delivered sale deed to said Whitsett upon payment of all charges, and that the title to said land thereby became vested in said Whitsett, from whom appellee acquired title.

The appellants demurred to the bill upon the following grounds:

First. That there was no equity in the bill.

Second. That the bill showed on its face that the sale was void and did not convey title. Upon this ground it is contended that appellee does not show that there was a valid assessment, or a lawful levy of taxes, or a

legal sale, but that the allegation in the bill is a mere conclusion of the pleader. In reply to which contention appellee cites section 1983 of the Code of 1906, which provides that:

"A conveyance made by a tax collector to an individual purchaser of land at a sale for taxes, and the list of lands sold to the state at such sale, shall be *prima facie* evidence that the assessment and sale of the land were legal and valid."

Third. That the sale was made upon a day other than that fixed by the statute. In response to this contention appellee cites section 4367 of the Code of 1906 which provides that: .

"If from any cause a sale of . . . land for taxes which is liable to such sale shall not be made at the time appointed by law for such sale, it may be sold thereafter, in the same or a subsequent year, at any time designated therefor by order of the board of supervisors."

Appellee also cites section 4332 of the Code of 1906, which provides that:

"Which conveyance shall vest in the purchaser a perfect title to the land sold for taxes, subject to the right of redemption; and no such conveyance shall be invalidated in any court except by proof that the land was not liable to sale for the taxes, or that the taxes for which the land was sold had been paid before sale, or that the sale had been made at the wrong time or place. . ."

*W. A. Shipman,* for appellants.

In the matter of a sale for taxes, three things are necessary to be alleged and proven: First, a valid assessment; second, a lawful levy, and third, a legal sale.

"A levy of a tax is absolutely indispensible to create a legal obligation to pay it. A tax must be due and unpaid; and this case of taxation of property can only be shown by proof that the property was assessed, listed

and valued, and that the tax was in fact, levied by competent authority." See *Adams Rev. Agt.* v. *Bank,* 74 Miss. 316. See, also, *Virden* v. *Bowers,* 55 Miss.—.

Complainant's allegation "that the taxes both for state and county for the fiscal year of 1906 was due, owing and unpaid by defendants or any other person on or before the sixth day of May, 1907, and that said taxes became delinquent and were a charge and a lien against said land according to the laws of the state of Mississippi" is another conclusion of law on the part of the pleader. Having failed to set out any levy of taxes, legal or illegal for the year of 1906, the complainant cannot by mere allegation or conclusion of law, avail himself thereof, without a statement of facts going to establish the conclusion that the taxes were due and unpaid, and that such were a charge and a lien against the land by setting out that all necessary conditions precedent thereto, had in fact been complied with in the manner required by law. The cases of *Grayson* v. *Richardson,* 65 Miss. 222 and *Morgan* v. *Blewitt,* 72 Miss. 903, are not in point; for what was held by the court in each of these two cases was that "where there is no evidence as to when an assessment roll was presented to the clerk, the presumption will be indulged that it was delivered at the proper time." In the instant case that presumption cannot be indulged, for the simple reason that there is no showing on the face of the bill of complaint that any assessment roll was ever, at any time, either presented by the assessor or approved by the board of supervisors, and further there is not the slightest intimation that a levy was ever made.

The complainant in the fourth paragraph of her complaint alleges that the tax collector having failed to sell lands for which taxes were delinquent for said fiscal year on the date designated by statute and having reported said failure to the board of supervisors, the board, by an order "duly" entered on the minutes ordered that the sale take place on the first Monday in May, 1907, being the sixth day thereof.

This allegation is but another conclusion of the pleader. Neither the minute book, nor page, nor date of the order is given; no reference thereto, or leave to refer to such records for the purpose of the suit is prayed. No facts are stated upon which the pleader predicates the allegation, that an order was "duly" entered on the minutes.

"In a proceeding by mandamus to compel a court to decree the result of an election, an averment that the election was "duly" held, is a conclusion of law. See *State* v. *Malheur County Court,* 46 Ore. 519, 81 Pac. 368.

This allegation, therefore, raises no issue, need not be denied, and the truth of it is not admitted by the demurrer to the bill of complaint containing it. See *Kittenger* v. *Traction Co. supra* and other authorities cited.

In like manner the allegation contained in the fifth paragraph of the bill, that the lands were "duly and legally" advertised in a newspaper published in the county and that the tax collector, did at the time advertise and as provided by law and the order of said board of supervisors offer for sale and did sell the said lands, etc., is tainted with the same fault. There is no reference to any records but the mere statement of the pleader that such things were done. The name of the newspaper is not given. No copy of such advertisement is exhibited to the bill, and no reference to the amount paid by the complainant at such sale for the land. Nothing to show or indicate that the tax collector offered the land in forty-acre tracts, or that the sale was "duly and legally" conducted, save the mere conclusion of the pleader.

"A tax sale made on a day other than that provided by the statute confers no title." *McGehee* v. *Martin,* 53 Miss. 519; *Harkreader* v. *Clayton,* 56 Miss. 394.

It was, however, insisted by counsel for complainant in the lower court, that under the provisions of sections 2935 and 4367, Code of 1906, which provides the mode for selling lands not sold at the regular time, the rule stated in the two cases last cited was inapplicable to the present

case, and that it falls within the provisions of those two sections of the Code. In *Brougher* v. *Conley,* 62 Miss. 358, the court by Chief Justice CAMPBELL said: If after the time fixed by law for the sale of land for taxes it appears that any land liable to such sale was not sold, as it should have been, it may be sold by order of the board.'' And further construing the statute, the learned Chief Justice said: ''This section sprang from the apprehension, that by inadvertence or oversight, some land might escape sale at the regular time, and was intended especially for such cases. Its language is broad enough to embrace a failure as to the entire list of delinquent lands, and when it appeared at a time subsequent to the time fixed by law for the sale of land for taxes that no sale had been made, from any cause, it would be competent and proper for the board of supervisors, under this section, to order the sale to be made at a future date; but this is very different from granting an indulgence beforehand.

''A tax collector who fails to advertise and sell lands delinquent for taxes at the time prescribed by law can obtain no relief from responsibility by an order of a board of supervisors, which cannot thus thwart the law.''

In the Brougher case it appears affirmatively that the order of the board was made on the first Monday in March, which was the day designated by law for the sales; therefore, the order made on that day was not made at a time subsequent to the time fixed by law. In that case the order of the board was that the tax collector ''have until the fourth Monday of April, A. D. 1881, to make the sale for taxes.'' And therefore, the board, while attempting to fix the time, did not in fact do so, but left it to the tax collector. In the instant case we know absolutely nothing, as to what the order of the board, assuming there was in fact, an order, contained, except the general averment of the pleader; nor can we possibly ascertain from the pleadings whether this order, assuming there was one, was made before or subsequent to

the time designated by law for the sale of land delin-quent for taxes.

In the case of *Clark* v. *Frank*, 3 So. 531, the same kind of an order was made by the board of supervisors, as that in the *Brougher case, supra,* except that here the time for the sale was fixed definitely by the order as on the first Monday in April; the order being made the first Monday in March, the day fixed by law as the time when the sale should have been made. The owner filed a bill to set aside and declare the sale void, to which bill a demurrer was filed, on the ground that the bill did not negative the idea that the order of the board may have been after four o'clock of the day of its date, and after the time appointed by law for such sales, etc.

Without argument or discussion the supreme court, through Chief Justice COOPER, held the sale under the order of the board to be void, merely citing the case of *Brougher* v. *Conley, supra.*

Inasmuch as a failure to advertise the sale of land delinquent for taxes, if sold at the proper time and place, will not render such a sale invalid, and assuming as we must, by reason of complainant's failure to set out the date, that the order of the board was made on the day fixed by law as the time for such sales, we see that the tax collector could have proceeded on that day to make the sale without advertising and such sale would have been valid. Section 4328, Code 1906. The sale under the void order of the board was itself absolutely null and of no effect, and the rule laid down by the court in *Howie* v. *Alford,* 100 Miss. 485 and *Simpson* v. *Cooperage Co.,* 58 So. 4, as to the time for filing the tax deed applies.

That a deed for land sold May sixth could not have been filed in the clerk's office on the first Monday of April, in the same year is perfectly manifest, yet it might have been, had the tax collector performed his duty and made the sale on the day "designated by law as the time for making sale of land delinquent," etc.

It is therefore earnestly urged by counsel for appellants that in the light of the authorities herein cited, and the manifest error of the lower court, in overruling defendant's demurrer to the bill of complaint, this honorable court will reverse the decree entered in the lower court, with such direction as justice and the law may require.

*T. W. Davis,* for appellee.

Appellant earnestly contends in his brief that in the matter of tax sales three things are necessary to be alleged and proven: (1) A valid assessment; (2) A lawful levy; and (3) A legal sale.

In answer to this contention of appellant, appellee maintains that it is not necessary to allege, either or any of the three propositions, nor to prove them, where the tax collector's deed is made an exhibit to the bill of complaint. Section 1983 of the Code of 1906, is in the following language: "A conveyance made by a tax collector to an individual purchaser of land at a sale for taxes, and the list of lands sold to the state at such sale, shall be *prima facie* evidence that the assessment and sale of the land were legal and valid. "Complainant made the record of her tax deed an exhibit to her bill of complaint (see bill of complaint in the record), and is entitled to the benefit of this statute.

It is not necessary to allege in the bill of complaint a detailed statement of facts showing each and every fact necessary to make a legal and valid assessment and sale of land, where the tax collector's deed to an individual purchaser at a tax sale is made an exhibit to the bill of complaint, but the law presumes that all the officers performed their duties as required by law, and it is incumbent upon the party attacking the validity of a tax sale to allege and prove facts sufficient to show an illegal sale. Section 1983, Code of 1906; *Belcher* v. *Moon,* 47 Miss. 613; *Meeks* v. *Whatlet,* 48 Miss. 337.

The allegation in the bill of complaint (see paragraph five), of purchase and acceptance of a deed, under section 1983, Code 1906, does *prima facie* in substance aver a vestiture of the title of the owner, and all others interested in purchaser, and dispenses with the averment that the several prerequisites, to authorize a sale, have been conformed to. The statute says that the tax collector's deed to an individual purchaser at a tax sale shall have that effect. The plaintiff, then, when he alleged a sale and the execution of a deed to him, made the averment equivalent to a detailed narrative of a compliance with each special prerequisite. Section 1983, *supra; Belcher* v. *Mhoon, supra; Meeks.* v. *Whatlet, supra.*

This presumption in favor of the validity of a tax sale extends to and includes, in the absence of proof to the contrary, the filing of the tax deed by the tax collector as required by law. *Wheeler* v. *Ligon,* 62 Miss. 500.

This presumption also applies to the approval and filing of the assessment roll as required by law. *Henderson* v. *Mayfield,* 79 Miss. 533, 31 So. 103.

The same presumption applies to the sale of the land in forty acre tracts by the tax collector as required by law. *Mixon* v. *Clevinger,* 74 Miss. 67, 20 So. 148.

The same law and procedure applies to tax sales made by order of the board of supervisors, where the tax collector has for any reason, failed to sell the land to sell the land delinquent for taxes on the date designated by statute, as applies to sales made at the regular time designated by the statute, sections 2935 and 4367, Code of 1906. The bill charges that G. W. Holleman, tax collector of Lamar county failed to sell the lands in said county for taxes for the year 1906 on the date designated by statute, and that he reported his failure to sell said land to the board of supervisors of said county, and that the board of supervisors, on receiving the report of the tax collector, stating that he had failed to sell said land on the date designated by law, entered an order on its minutes, directing that said land be sold on the

first Monday, the sixth day of May, 1907. See paragraph four of the bill, pages 3 and 4 of the record.

It is true that this order of the board of supervisors fixing the date for the sale of the land is not made an exhibit to the bill, but the bill, as just stated, charges that the tax collector failed to sell the land on the date designated by statute, and charges that he reported his failure to the board of supervisors, and charges that the board of supervisors entered an order on its minutes fixing the first Monday of May, the sixth day of said month, as the date for said sale and for the purposes of this demurrer, must all be taken as true. If all the jurisdictional facts charged in the bill appear in the minutes of the board as charged, would not the minutes of the board be simply proof of the allegations of the bill? Certainly the failure to make the minutes of the board of supervisors an exhibit to the bill cannot be taken advantage of by a demurrer, where the facts are charged in the bill.

If the tax collector, from any cause, fails to sell the land in his county delinquent for taxes on the date designated by law, the board of supervisors are authorized and empowered to fix some future date for the sale of the land so delinquent. Sections 2935 and 4367, Code 1906; *Brougher* v. *Conley*, 62 Miss. 358.

It is true that the board of supervisors cannot exceed their authority granted in section 2935 and 4367, Code 1906. It is also true that the board of supervisors have no power to act until the time designated by statute for the sale of land delinquent for taxes has passed, and the tax collector has failed to sell the land so delinquent. This is a condition precedent to the power of the board of supervisors, but it certainly seems to us that a failure on the part of the tax collector to sell on the date designated by statute is sufficiently, and affirmatively charged, and that the board acted after the tax collector had reported his failure to sell on the date designated to the board, and if these allegations be true, and they must be taken as true for the purposes of this demurrer, then

the board of supervisors had jurisdiction of the matter, and if these jurisdictional facts appear in the minutes of the board as charged, the sale made pursuant to the order of the board is as legal and valid, as if the sale had been made on regular date designated by law. Sections 2935 and 4367, Code 1906; *Brougher* v. *Conley,* *supra.*

We submit that the bill of complaint, together with the exhibits thereto, states a good cause of action, and the court below properly overruled the demurrer, and the action of the lower court should be affirmed by this honorable court.

*F. M. Hunt,* for appellee.

The demurrer was properly overruled. The bill stated a good cause of action. The bill did not, as appellants contend, show that the sale was on a day not authorized by statute, under the conditions existing for the sale of lands for taxes. The bill gives a good and legal reason why the land was sold on the day it was sold, instead of on the day designated by statute. We wish merely to call attention to section 754 of the Code, which says:

"When a demurrer shall be interposed, the court shall not regard any defect or imperfection in the pleadings, except such as shall be assigned for causes of demurrer, unless something so essential to the action or defense is omitted that judgment, according to law and the rights of the cause, cannot be given."

This section is made applicable to chancery courts by section 687 of the Code, and in the light of this section the demurrer should certainly have been overruled. But we expect to show that without this provision of law, the demurrer should have been overruled.

It cannot be said that sections 4367 and 2935 of the Code are a nullity. The Code has two sections on the same subject, each authorizing the board of supervisors to fix a day for the sale of any lands for taxes that, for

110 Miss.—9.

any cause, were not sold on the date designated by stat-
ute.   Certainly the authority of the Board of Supervis-
ors given twice in the same Code must be valid.   How-
ever, the power must be strictly construed.   The board
of Supervisors can do what the legislature expressly
authorizes them to do, but cannot exceed the authority
given.   The board of supervisors have no power to act.
until the time designated by statute for the sale of lands
for taxes has passed, and the tax collector has failed to
sell the land at the time designated by statute.   The stat-
utes just referred to do not give the board any au-
thority to act until the tax collector has already failed
to sell on the date designated by statute.   So they cannot
make a valid order fixing another date for the sale until
the date designated by statute has passed, and the tax-
collector has failed to sell the land.   This is a condition
precedent to their power to act.   This is all the case of
*Brougher* v. *Conley* holds, and is the necessary result.
of placing a strict construction on the powers granted,
to the board of supervisors.   The statutes authorize the
board of supervisors to fix a time for the sale, "if from
any cause" a sale of the land for taxes shall not be made
at the time appointed by law.   This is broad enough to
cover a sale of all lands, as well as a failure for any;
cause.   The case of *Brougher* v. *Conley,* 62 Miss.   358,
cited by counsel for appellant, contains the following
language:

"If after the time fixed by law for the sale of lands
for taxes, it appears that any land liable to such sale was
not sold, as it should have been, it may be sold by order
of the board of supervisors.   The section sprang from the
apprehension that by inadvertence or   oversight   some
land might escape sale at the regular time, and was in-
tended especially for such cases.   The section is broad
enough to embrace a failure as to the entire list of de-
linquent lands, and where it appeared at a time subse-
quent to the time fixed by statute for the sale of land for
taxes that no sale had been made, from any cause, it

would be competent and proper for the board of supervisors under this section to order that the sale be made at a future date; but this is very different from granting an indulgence beforehand. A tax collector who fails to advertise and sell lands delinquent for taxes at the time prescribed by law can obtain no relief from responsibility by any order of a board of supervisors. If the board of supervisors pass an order before the things that are necessary to give them authority have occurred, their order is nullity. In the case of *Brougher* v. *Conley, supra,* the board of supervisors undertook to fix a date before the conditions under which they were authorized to act arose, and the court held that, for that reason, their action was void. If the board of supervisors were permitted before the date for selling lands for taxes had passed, to pass an order fixing a different date, the tax collector would have a statute directing him to sell on a different date from the date fixed by the board of supervisors. He could not then obey both the statute and the order of the board of supervisors, and he would have to decide which he should obey. He is bound to sell on the date designated by the legislature, unless the legislature has expressly given the board of supervisors the power to change the requirement of the statute, and thereby to nullify it. If he will read sections 4367 and 2935 of the Code, he will see that the board of supervisors had no power to pass the order until the time designatd by statute for the sale of lands for taxes had passed, and the tax collector had failed to make the sale. So the order of the board of supervisors is void, and he must follow the directions of the statutes. To allow the board of supervisors to fix a day different from that named in the statute for the sale before the time fixed by the statute has passed, would be authorizing them to nullify the statute fixing the date. To authorize them to fix another date after the time designated by statute has passed would not have that effect. It would not relieve the tax collector from any liability for not making

the sale at the time designated by statute.   *Clark* v.
*Frank,* 3 So. 531, 11 Cyc. 298; 2 Ohio Decision (Reprint
553; 3 West. L. Month. 632; *Bolivar County* v. *Coleman,*
71 Miss. 832, 15 So. 104.

In the case of *Hinton* v. *Perry County,* 84 Miss. 534, 36
So. 565, this court, in discussing an order of the board of
supervisors of Perry county, says: "It being in this
matter, of limited jurisdiction, the minutes must show the
jurisdictional facts were found to exist."   *Craft* v. *De-
Soto County,* 79 Miss. 618, 31 So. 204; 7 Ency. Pl. & Pr.
467, *et seq;* 12 Am. & Eng. Ency Law., 271; *White* v.
*Railroad Co.,* 54 Miss. 566, 1 So. 730; *Board* v. *Allen,* 60
Miss. 93; *Ladden* v. *Railway Co.,* 66 Miss. 258, 6 So. 181;
*Morgan* v. *State,* 79 Miss. 659, 31 So. 338; 74 Miss. 435,
21 So. 247; 4 Am. & Eng Ency Law, p. 375.

Sections 4328 and 4332 of the Code make the tax col-
lector's deed *prima facie* evidence that the title of the
purchaser is good.   In this case appellants raise in their
brief on appeal for the first time, the point that the
bill is insufficient for not showing a detailed statement
of facts that each and every step necessary to make a
valid assessment and sale, regular in every respect. Simi-
lar questions to those raised by appellants here in their
brief for the first time, and never mentioned in his de-
murrer in the court below, were especially raised by de-
murred in the following cases:   *Smith* v. *Denny,* 62 Miss.
358; *Coffee* v. *Coleman,* 85 Miss. 14, 67 So. 499; *Griffin*
v. *Dogan,* 48 Miss. 11; *Blecher* v. *Moon,* 47 Miss. 613; and
*Meeks* v. *Whatlet,* 48 Miss. 337.   But this court held that
the demurrers should be overruled.

COOK, J., delivered the opinion of the court.

The defects, if any there be, in the allegations of the
bill of complaint, are cured by sections 4332 and 4367,
Code of 1906, and it therefore follows that the decree of
the chancery court overruling appellant's demurrer was
correct.   *Smith* v. *Denny,* 90 Miss. 434, 43 So. 479.

*Affirmed.*