## A. H. Smith *v.* W. Denny & Company.

### [43 South., 479.]

1. Tax-titles. *Bill to confirm. Parties. Code* 1892, § 498 *(Code* 1906, § 548).

   A bill to confirm a tax-title under Code 1892, § 498, providing that all persons interested be made defendants *is demurrable for* want of proper parties where one named in the tax-deed exhibited with the bill as the person assessed with the taxes for which the land was sold, is not made a defendant, nor any reason given for such omission, although the bill is verified by oath and alleges "that the defendants named are the only ones, so far as complainant can ascertain after diligent inquiry."

2. Same. *Leave to amend. Dismissal.*

   When a demurrer to a bill has been sustained for want of proper parties, it is not error to dismiss the bill on complainant's declining to avail of leave to amend by joining as a defendant the party improperly omitted.

3. Same. *Pleadings. Averments as to title. Collector's deed. Effect of same. Code* 1892, § 1806 *(Code* 1906, § 1983).

   A bill to confirm a tax-title which avers that complainant acquired title through his purchase at a tax-collector's sale, evidenced by the collector's deed exhibited with the bill, sufficiently sets out complainant's title, since under Code 1892, § 1806 (Code 1906, § 1983) the collector's deed to an individual is *prima facie* evidence that the assessment and sale of the land were legal and valid.

From the chancery court of Jackson county.

Hon. Thaddeus A. Wood, Chancellor.

Smith, the appellant, was complainant in the court below; and W. Denny & Company, a corporation, and others, the appellees, were defendants there. From a decree dismissing the bill complainant appealed to the supreme court.

Appellant filed his bill in chancery in June, 1905, claiming title to land sold to him March 3, 1902, for the taxes of 1901. The bill alleged that the appellee, W. Denny & Company, was,

in so far as appellant could with due diligence ascertain, the only other person having or asserting any interest, legal or equitable, in the land, and made the appellee, and all unknown persons who might claim a legal or equitable interest therein parties defendant. It prayed for confirmation of the tax title, and for cancellation of any ·claim to the land appellee might assert and of all other outstanding titles to the land in conflict with appellant's. His tax deed, an exhibit to the bill, described the land as "situated in said county and state, and assessed to Wm. F. Allman, to-wit: S. ½ of N. W. ¼ of section 12, township 3, range 6, west."

A demurrer to the bill was sustained; and, as appellant de-clined to amend, the court below dismissed the bill.

Code 1892, § 498 (Code 1906, § 548), provides that in all suits to confirm tax titles the names and places of residence of all persons interested in the land, so far as known to complainant or so far as he can ascertain by diligent inquiry, must be stated in the bill, and such persons be made parties defendant thereto.

*Sanders & Dudley,* for appellant.

The bill seeks a confirmation against the only person claiming the land adversely to appellant, so far as appellant knows or can with due diligence ascertain. Nowhere does the statute, Code 1892, § 498, require the joinder of persons unknown to the complainant. It merely permits it. The construction placed upon the statute by the lower court is strained and not warranted by the language of the statute.

We call the court's attention to Code 1906, § 548, which is identical with Code 1892, § 498, providing the method to be pursued in suits for confirmation of tax titles. What sort of deraignment is there required? The statute merely declares that the complainant "shall set forth his claim under the tax sale," which is the deraignment required by the statute.

Code 1892, § 1806 (Code 1906, § 1983), declares that the

tax collector's deed shall raise the presumption "that the assessment and sale of the land were legal and valid." This court has repeatedly construed the statute to mean that an allegation of the tax sale, in a bill to confirm a tax title, is sufficient deraignment, making a *prima facie* case on the issue involved. *Belcher* v. *Mhoon,* 47 Miss., 613; *Griffin* v. *Dogan,* 48 Miss., 17; *Meeks* v. *Whateley,* 48 Miss., 337; *Coffee* v. *Coleman,* 85 Miss., 14, s.c., 37 South., 499.

*Denny & Denny,* for appellee.

Code 1892, § 498 (brought forward as Code 1906, § 548), under which this suit was instituted, provides, among other things, that a complainant in suits of the character of the case at bar, shall set forth in his bill his claim under the tax sale, and the names and places of residence of all persons interested in the land, so far as known to complainant, or as he can ascertain with diligent inquiry; and the code section concludes with the provision that the decree of confirmation authorized thereby shall, when rendered, be held as conclusive evidence that the title to the land involved has become vested in the complainant as against all persons claiming the same under title existing prior to the sale thereof for taxes.

The tax deed under which appellant claims title, and which is made a part of the bill of complaint as an exhibit thereto, discloses the fact that when appellant bought the land at the tax sale, it was assessed to one Wm. F. Allman. Yet, notwithstanding this recital in the deed, and notwithstanding the requirement of Code 1892, § 498, that all known claimants to the land shall be made parties defendant in the bill for confirmation, appellant refused or neglected to make Wm. F. Allman a defendant, and failed to show why this person was omitted from the bill. The bill moreover failed to show whether appellee did or did not claim title under Allman, and also failed to show that appellee does not claim title under ap-

pellant. It must be inferred that Allman was a claimant of the title of the land when sold.

The long-established rule of practice and pleading is that the complainant must set forth in his bill for confirmation of the tax sale all the essential facts to be considered in the case and on which issue may be taken. In bills to confirm title to real estate, Code 1892, § 501 (Code 1906, § 551), requires the complainant to set forth the deraignment of his title, and must show as perfect a title, legal or equitable, as would enable him, if the title were a legal one, to recover against the defendant in an action of ejectment. *Chiles* v. *Gallagher,* 67 Miss., 413; *Jackson* v. *Bank,* 85 Miss., 645, s.c., 38 South., 35; *Long* v. *Stanley,* 79 Miss., 298, s.c., 30 South., 23; *Wilkinson* v. *Hiller.* 71 Miss., 678, s.c., 14 South., 442. The appellant's bill fails to set forth all the facts constituting the right of the tax collector to make the sale, hence the decision of the lower court was correct. *Peterson* v. *Kittridge,* 65 Miss., 33, s.c., 3 South., 65, 5 South., 824; *Pearce* v. *Perkins,* 70 Miss., 276, s.c., 12 South., 205; *Gregory* v. *Brogan,* 74 Miss., 694, s.c., 21 South., 521; *Bynum* v. *Stinson,* 81 Miss., 25, s.c., 32 South., 910.

MAYES, J., delivered the opinion of the court.

The bill of complaint filed in this cause is demurred to because, as stated in the demurrer, "complainant merely states a conclusion of law when he avers that the tax sale, under which he claims title to the land in controversy, was legal and valid, instead of alleging the instances of and specifically setting forth all the facts necessary to constitute a valid sale of the land by the tax collector"; and, secondly, because "complainant has not in his bill stated such a cause as entitles him to the relief sought." If the bill of complaint be treated as a proceeding under § 498 of the Code of 1892, instituted for the purpose of confirming a tax title, it is imperfect, in that the owner of the land at the date of the sale is not made a party. If the owner at the time the sale was made is dead, that fact should

be stated in the bill, and his heirs, if known, made parties, and, if unknown, the fact should be alleged. It is of the very essence of a proceeding to confirm a tax title that the owner of the land at the date of sale, or his heirs, as the case may be, should be made parties, as well as other persons interested in the land, so far as known to the complainant, or as he can ascertain by diligent inquiry. It is true that complainant alleges in his bill "that the defendants named are the only ones, so far as complainant can ascertain after diligent inquiry"; but the allegation of the bill is contradicted by the tax deed filed as an exhibit, which on the face of it recites that the land was assessed as the property of W. F. Allen, who is not made a party to the bill. The very purpose of sec. 498 being to confirm a tax title, who could be imagined to be a more necessary party, or have greater interest in the proceeding, than the party who is about to lose his land by virtue of the very act that complainant seeks to vest the title in himself? All interested parties, so far as known or can be ascertained by diligent inquiry, must be made parties by the complainant, and over and above every one else it is necessary to make the former owner a party.

If the complainant had made the necessary parties defendant to his bill, it was not necessary for him to set forth all the facts constituting the right of the tax collector to make the sale, as contended by appellees. Section 1806 of the Code of 1892 makes the tax collector's deed, together with the list of lands sold to the state at such sale, *prima facie* evidence that the assessment and sale of the land was legal and valid. Therefore, when complainant charged in this bill that the land was sold and that the list of lands sold to the state at the time this sale was made, shows that these lands were sold, and makes the tax collector's deed an exhibit to the bill, he has stated a perfect cause of action. If there is anything affecting the validity of this tax sale, it is defensive, and should be set up by the defense; but it is not required that the complainant should do more than state

his cause of action in the manner in which he has stated it. The authorities cited by counsel for appellee are not applicable to a proceeding under § 498, Code 1892. *Griffin* v. *Dogan,* 48 Miss., 11; *Belcher* v. *Mhoon,* 47 Miss., 613; *Coffee* v. *Coleman,* 85 Miss., 14, 37 South., 499.

The decree of the chancellor, dismissing the bill, under the circumstances as shown by the decree, was proper. The bill of complaint showing on its face that no valid decree could be made, because of the failure of complainant to make defendant to his bill parties that were necessary, it was the duty of the chancellor to order complainant to amend his bill by joining these parties as defendant, and, on failure to do so, dismiss the bill of complaint; and this he did. *Lemmon* v. *Dunn,* 61 Miss., 210; *Burroughs* v. *Jones,* 78 Miss., 235–243, 28 South., 944. The decree of the chancellor specifically points out to complainant the defects in his bill, and recites that leave was granted to complainant to amend his bill, which he declined to do, whereupon he dismisses the bill, and complainant appeals.

*If leave to amend had not been allowed the complainant, we would remand the case; but, since leave to amend was granted and refused, the decree must be affirmed. Burroughs* v. *Jones,* 78 Miss., 243, 28 South, 944.