LAMAR LIFE INS. CO. *v.* BILLUPS.

(Division B. June 15, 1936.)

[169 So. 32. No. 32291.]

772

Wells, Wells & Lipscomb and L. O. Smith, Jr., all of Jackson, for appellant.

Gardner & Backstrom, of Gulfport, for appellee.

Argued orally by **L. O. Smith, Jr.**, for appellant and by **Oscar Backstrom** for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Appellee, George W. Billups, filed a bill in the chancery court of Harrison county to confirm a tax title to a tract of land in Biloxi described as "1 Lot 80 feet front, S. by Gulf; E. by Maybury; N. by Howard Avenue; W. by E. Johnson, in Township 7, Range 9, City of Biloxi." He alleged that the title had passed out of the United States government and had become subject to private ownership; that prior to August 1, 1930, L. O. Johnson, Jennie E. Johnson, and Louisa Johnson Dorries were the owners, in fee simple, of said land, and on said date gave a deed of trust thereon in favor of appellant, the Lamar Life Insurance Company; that on the 7th day of March, 1934, the Lamar Life Insurance Company, the said L. O. Johnson, Jennie E. Johnson, and Louisa Johnson Dorries, having made default in the payment of the indebtedness secured by said deed of trust, requested the trustee to foreclose same. It was alleged that the trustee in the deed of trust foreclosed same, said foreclosure being in all respects regular, and at the sale the Lamar Life Insurance Company was the purchaser.

It was then averred that but for the tax sale in favor of the appellee the said Lamar Life Insurance Company would be the owner in fee simple of said land. Appellee further alleged that for the fiscal year 1931 the above-described land, assessed to L. O. Johnson, was legally assessed, the assessment roll having been examined, equalized, notice of the filing and equalization thereof given, and approved in accordance with the statutory requirements for assessing lands for taxes. It was then averred by appellee that, at the regular November, 1931, meeting of the board of supervisors of Harrison county, said board levied a legal, valid, and binding assessment of taxes on all property in Harrison county for the year 1931, that the owners of said property failed to pay the taxes, and that, while the tax collector did not sell said property for the delinquent taxes on the first Monday in April, 1932, for good and sufficient reasons, he did thereafter, at the regular August, 1932, meeting of said board, present to and file with said board a list of lands delinquent for 1931 taxes, and prayed for an order designating a day on which said land should be sold therefor. It was averred that C. P. Huggins, the then tax collector, advertised said land for sale, as provided by law, and on the 19th day of September, 1932, appellee, George W. Billups, became the highest bidder and the purchaser thereof at and for the sum of one hundred fifty-three dollars and forty-nine cents, and that thereafter said tax collector made, certified to, and filed in the office of the clerk of the chancery court in said county a list of all lands sold to individuals at said tax sale, which included the land above described.

Appellee then averred that the owners of said land failed and neglected to redeem same within the required time, nor was the amount necessary to redeem tendered to any officer, and the title thereupon became and was fully vested in the appellee, complainant in the court

below, and on February 18, 1935, Eustis McManus, chancery clerk of Harrison county, in accordance with the law on that subject, executed and delivered to appellee a tax deed, giving the book and page where said deed is recorded. Appellee then averred that he made diligent search and inquiry to ascertain the names, places of residence, etc., of any and all parties having or claiming any interest in or to said land, but was unable to ascertain same, and verily believes there are no adverse claimants. The sworn to bill then prays for such further relief as shall seem meet to the court, and the tax deed, which described the land, as above, was made an exhibit thereto. The Lamar Life Insurance Company was the only party defendant brought into court, save a notice, published in the newspapers, to all parties having or claiming any right, title, or interest, legal or equitable, to the land involved in this litigation.

The bill was demurred to on the grounds (1) that L. O. Johnson is not a party to the suit, and (2) that the bill shows affirmatively that all parties who have an interest in the property are not made defendants. The demurrer was overruled.

The life insurance company answered, and admitted that the appellee is a resident of Louisiana, but denied that he is the owner of the property involved here. Appellant admitted that the land in question had passed from the government and was subject to private ownership at the time of the sale in 1932; admitted that prior to August 1, 1930, L. O. Johnson, Mrs. Jennie E. Johnson, and Louisa J. Dorries were owners in fee simple of the land, the title to which is sought to be confirmed, and that no persons whatsoever owned any right, title, or interest therein or thereto; admitted that L. O. Johnson, Mrs. Jennie E. Johnson, and Louisa J. Dorries executed a deed of trust on said land to secure payment of an indebtedness in favor of the appellant, the Lamar Life Insurance Company; that said L. O. Johnson, Mrs.

Jennie E. Johnson, and Louisa J. Dorries made default in the payment of said indebtedness, and foreclosure of said deed of trust was sought, said sale was advertised, and on February ――――, 1935, the trustee in said deed of trust made a sale of the land embraced therein; that said foreclosure was in all respects regular; and that the purchaser at said sale, the Lamar Life Insurance Company, was vested with such title as was held by the trustee who executed and delivered to said Lamar Life Insurance Company, a deed to said property. Appellant denied that but for said tax sale it would be the owner of said land, and averred that it is the owner thereof, subject to the tax lien in favor of appellee and all other outstanding taxes. Appellant denied that the assessment to L. O. Johnson and the assessment roll were, in all respects, made, examined, equalized, and approved in accordance with the law; denied that notice of the filing and equalization was given, and denied that the assessment of said land to L. O. Johnson for the fiscal year 1931 was legal and binding. Appellant admitted that on November 4, 1931, the board attempted to assess and levy taxes on all property in Harrison county, but denied that said levy was legal or binding. Appellant admitted that the owners of said property in 1931 failed to pay the taxes thereon; that the tax collector failed to sell the property for the taxes due thereon on the first Monday of April, 1932; that the taxes remained in default, and on the 13th of August, 1932, the then sheriff filed with the board a list of lands liable for the 1931 taxes which had not been sold on the first Monday of April, 1932, and averred that the minutes of said board do not contain any request from the then sheriff that said board set any other day for the sale of said land. Appellant denied that said board, at a regular and legal meeting in August, 1932, designated the third Monday of September, 1932, for the sale of the 1931 delinquent tax lands; but admitted that on the 18th day of August,

1932, said board, by order on its minutes, fixed and designated the third Monday of September, 1932, as the day for the sale of 1931 delinquent tax lands. Appellant denied that the sheriff advertised said land for sale in the time and in the manner required by law; denied that said sale was held at the proper time and place; and avers that the tax deed, Exhibit A, states on its face that said sale was held on September 19, 1932. Appellant denied that appellee is the owner of said land, but admitted that appellee bid the sum of one hundred fifty-three dollars and forty-nine cents, and averred that, on the contrary, the appellee has no fee-simple title as said tax sale is void. Appellant denied that appellee made diligent search to ascertain the names and post office addresses of any and all persons having any interest in said land, and averred that, on the contrary, L. O. Johnson is now occupying the property described in the tax deed, and that he could give the address of his wife, Mrs. Jennie E. Johnson, and Louisa J. Dorries. It is further alleged in the answer that the alleged sale for delinquent taxes is absolutely void and of no effect.

The decree of the chancery court, among other things, confirmed the title of George W. Billups to the land involved, and recited that "the title of the complainant, George W. Billups, in and to the land above described be and the same is hereby, in all respects, established, confirmed and quieted as against the said The Lamar Life Insurance Company, a corporation, and any and all other persons or parties having or claiming any right, title or interest, either legal or equitable, in and to said land which existed on or before the 19th day of September, 1932; that said defendants and each of them be and they are hereby perpetually enjoined and restrained from setting up or asserting title thereto hostile to the title of said complainant confirmed and quieted as aforesaid." A writ was directed to issue to

put the complainant, George W. Billups, in possession of said property.

From the above statement of the pleadings, it will be noted that at the time of the assessment in 1931, and at the time of the tax sale in September, 1932, L. O. Johnson, Mrs. Jennie E. Johnson, and Louisa Johnson Dorries were the owners of the property involved in the confirmation proceedings, and that they were not made parties by being named therein, or otherwise specified, but, if made at all, it was only by a general publication to all persons claiming an interest in the property.

Section 402, Code 1930, provides that: "Any person holding or claiming under a tax title lands heretofore or hereafter sold for taxes, when the period of redemption has expired may proceed by sworn bill in the chancery court to have such title confirmed and quieted, and shall set forth in his bill his claim under the tax sale, and the names and places of residence of all persons interested in the land, so far as known to complainant, or as he can ascertain by diligent inquiry. . . . Such suits shall be proceeded with as other cases; and if the bills be taken for confessed, or if it appear that complainant is entitled to a decree, it shall be rendered, confirming the tax title against all persons claiming to hold the land by title existing at the time of the sale for taxes."

It will be seen from the bill that the complainant knew the persons, the Johnsons and Louisa J. Dorries, who owned the land at the time of the tax sale, and that said land was assessed to L. O. Johnson on the assessment roll, and yet neither L. O. Johnson, Jennie E. Johnson, nor Louisa Johnson Dorries were made parties defendant to the bill.

In the case of Paepcke-Leicht Lumber Co. v. Savage, 137 Miss. 11, 101 So. 709, 711, it was held that, in proceedings to confirm tax titles, it is necessary to make parties defendant those persons appearing from the ab-

stract to be the owners of the lands at the time of their sale for taxes; and, where publication is only made for unknown persons, and the abstract gives the names of the apparent owners when the lands were sold for taxes, it then appears from the face of the pleadings that necessary parties have been omitted from the bill and from the publication, and the proceeding is void. In this case there was a quotation from Smith v. W. Denny & Co., 90 Miss. 434, 43 So. 479, as follows: "It is of the very essence of a proceeding to confirm a tax title that the owner of the land at the date of sale, or his heirs, as the case may be, should be made parties, as well as other persons interested in the land, so far as known to the complainant, or as he can ascertain by diligent inquiry."

It seems to be the theory of the appellee, Billups, that the foreclosure of the deed of trust given by L. O. Johnson, Jennie E. Johnson, and Louisa Johnson Dorries dispensed with the necessity of making them parties to the suit; it having divested their title existing at the time of the sale. This view is unsound. The purpose of the suit to confirm the tax title is not only to settle contentions between the main parties, but is to make the tax title a good and perfect title against all persons whatsoever, so that there may be no further litigation concerning the validity of the tax title. The concluding part of section 402 quoted above shows this to be the purpose. L. O. Johnson, Jennie E. Johnson, and Louisa Johnson Dorries, if brought into court, might show the deed of trust to be void, or might show that it was improperly foreclosed, or that its execution was coerced, or might show many things that would make it possible to avoid the title of the Lamar Life Insurance Company, and they might also show infirmities in the tax proceedings unknown to the Lamar Life Insurance Company.

The directions of section 402, Code 1930, to set forth the names and addresses of all persons interested in the land, so far as known or can be ascertained, constitute part of the requirements for a valid confirmation proceeding, and the statute must be strictly complied with. It was not followed in the case at bar. Hatchett v. Thompson (Miss.), 165 So. 110, and Carr v. Barton, 173 Miss. 662, 162 So. 172.

It follows from the failure of the appellee to make the proper persons parties to the suit that the court below could not confirm the tax title, and the case must go back for a new trial.

There are many other questions presented not necessary to be decided now for the want of proper parties to the proceeding, but there is one question which we think proper to call attention to, and that is the claim that the deed from the chancery clerk vested a good and perfect title to the lands. Under section 3273, Code 1930, the form of the deed is given, and this section must be construed in connection with other sections of the Code, and notably section 3262, in which it is provided that failure to give notice to the lienors, as required by section 3260, renders the tax sale void as to the lienors. Under sections 3259, 3260, Code 1930, the clerk is required to make an examination of the records for a period of six years prior to the date of sale, and to give notice thereof to the lienors, and he is required, in section 3261, Code 1930, to enter same upon a tax sale book. Roebuck v. Bailey (Miss.), 166 So. 358.

We think, upon a proceeding to confirm a tax title, such tax sale books should be either made exhibits to the bill or that it should be alleged in the bill that the required notice was given to parties whose interests are affected, so that the court may see, before confirming the title, that there are no outside liens that would render the confirmation proceedings invalid.

784

Other questions may not arise upon a second trial, or they may be dealt with in such a manner as to prevent same from being presented for consideration by us on any future appeal.

For the error indicated, the judgment of the court below will be reversed and remanded for proceedings in accordance with this opinion.

Reversed and remanded.