Helbig *v.* Hooper *et al.*

(In Banc. March 25, 1946.)

[25 So. (2d) 404. No. 36025.]

**Hathorn & Hathorn,** of Hattiesburg, **Rawls & Hathorn,** of Columbia, and **McRae & Tompkins,** of Prescott, Ark., for appellant.

Roy J. Goss, of Columbia, for appellees.

Argued orally by **F. C. Hathorn**, for appellant, and by **Roy J. Goss**, for appellees.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

Appellees filed their original bill in the Chancery Court of Marion County, seeking confirmation of title to certain lands in the county, by virtue of certain forfeited land tax patents from the State, exhibited with the original bill. The defendants were certain named parties, and "any and all other persons having or claiming any interest in the land described."

The proceeding was brought under Sections 1314 and 1315, Code 1942. The State was made a defendant, filed an answer and seems to have faded out of the case. The appellant was not made a defendant by name, or served with process by name, and the question before us is whether or not he is such a defendant under the general

clause, "any and all other persons having or claiming any interest in the lands" involved in the litigation, as would entitle him to file a petition and obtain a rehearing of the cause by virtue of Sections 1391 and 1392, Code 1942. We must determine the answer from his petition.

There are other issues submitted by appellant, but it is not necessary for us to consider them in view of our conclusion on the only question we deem it necessary for us to decide on this appeal. If the chancery court was correct in dismissing the petition of appellant, he was not in court, and had no right to raise such issues in this particular proceeding. The question for our decision is whether or not appellant may claim the benefit of Sections 1391 and 1392, supra. He raised the issue in the chancery court by a petition to be permitted to reopen the case in compliance with Section 1392, claiming to be authorized so to do by the provisions of Section 1391.

Section 1391 provides that "decrees against non-resident, absent, or unknown defendants, rendered upon proof of publication only, without such defendant having appeared, shall be final and conclusive from the date of rendition, unless a rehearing shall be applied for within two years thereafter; . . ." Appellant filed his application well within two years after the rendition of the final decree, averring he was a nonresident of the State of Mississippi, a resident of Arkansas, and that judgment was rendered against him upon proof of publication only, and that he had not appeared at the trial, in fact, knew nothing of it until some months thereafter. Appellant also averred that he owned at the time of the filing of his petition, "and claims the undivided one-fourth equitable interest in said lands," and that on April 5, 1944, on motion of complainants, a decree pro confesso was entered "against defendants J. M. Richardson and Mrs. Retta Richardson and any and all other persons having or claiming legal or equitable interest in said lands, including petitioner, . . . and on the same date a final decree was entered herein against said

J. M. Richardson and Mrs. Retta Richardson and any and all other persons having or claiming any legal or equitable interest in said lands, including petitioner, upon the aforesaid proof of publication of said summons and said decree pro confesso and said bill of complaint, quieting and confirming title to said lands in complainants and cancelling the claim of title to said lands of said J. M. Richardson and Mrs. Retta Richardson and any and all other persons claiming or having any legal or equitable interest in the same,'' except as to certain named defendants as to whom the bill had been dismissed. Appellees controvert the status of appellant as such defendant, either necessary or proper, as would be entitled to avail himself of Section 1391, and claim that he was never made a defendant by them and that his petition sets out nothing to demonstrate his status as a defendant, and that his petition offers no such interest in the lands or cause as would entitle him to reopen the case, because it does not explain by what means or process appellant became and was the owner of the interest asserted by him. These challenges are represented in argument here, as no answer or demurrer was interposed to the petition of appellant below, and no process was served thereon. No points were there or are here raised as to procedure, except that appellant's petition insufficiently sets out any interest so as to be more than a legal conclusion, and hence he does not by his allegations therein qualify himself under the general clause of the publication process.

Appellant made the bond and filed his petition within the time required by Section 1392. However, the chancery court dismissed appellant's petition, holding that same was not well taken, denying him the right to reopen the suit, and plead, answer or demur to the original bill of complaint, from which appellant appealed here.

No evidence was taken before the chancery court, the decision having been made on the pleadings, of which the pertinent part of appellant's has been set out above. The bill of complaint, with reference to the lands in which

appellant claims an interest, makes no reference to him except in the deraignment of title, unless, as appellant contends, he is embraced among all others having or claiming a legal or equitable interest in the lands in litigation. In the deraignment of title in appellees' bill occur the following two paragraphs: (1) "That W. V. Tompkin, Executor of the estate of Nat Martin, deceased, on April 15, 1931, acting pursuant to the authority vested in him by the provisions of the last will and testament of the said Nat Martin and to fulfill a contract for the conveyance of said lands entered into between Nat Martin and O. H. Helbig during the lifetime of the said Nat Martin, made, executed and delivered to the said O. H. Helbig a deed of conveyance to the entire tract of land covered under Part Five hereof, (The land described above) said conveyance being of record in Land Deed Record 95 at page 417." And (2) "By quit-claim deed from O. H. Helbig, who was the recorded owner of said land, except to the extent that J. M. Richardson and Mrs. Retta Richardson may have owned an interest therein as shown in sub-paragraph (d) under Part Five hereof on page 11 hereof, at the time the same was sold to the State of Mississippi as hereinbefore shown for delinquent taxes due thereon, to George Westerfield, conveying the NE¼ and W½ of SE¼ of Section 1, Township 1 North, Range 17 West, dated Feb. 12, 1943, and recorded in Land Deed Record 177 at page 533."

George Westerfield on February 1, 1944, conveyed by a quitclaim deed to appellee, S. J. Hooper, this same land. The original bill was dated in the affidavit thereto on February 24, 1944. The filing date does not appear in the record. Final decree was rendered April 5, 1944, and appellant's petition to reopen the case was filed March 26, 1945. It will be seen from all of the foregoing that appellant owned an interest in the lands at the time the same were sold to the State in default of taxes thereon; that later George Westerfield became the purchaser thereof from appellant; and Westerfield had sold to complain-

ant below, appellee here, S. J. Hooper, these same lands before this suit was filed in the chancery court. When suit was filed, decree rendered therein, and appellant filed his petition to reopen, his interest in the lands had been sold for delinquent taxes, and he had, by quitclaim deed, conveyed away any interest he might have therein, even if the tax sale should be avoided.

This Court has held in several cases that in proceedings to confirm tax titles, the owner of the land at the time of a sale for delinquent taxes is a necessary party. Fink v. Henderson, 74 Miss. 8, 19 So. 892; Smith v. W. Denny & Company, 90 Miss. 434, 43 So. 479; Paepcke-Leicht Lbr. Company v. Savage, 137 Miss. 11, 101 So. 709; Lamar Life Ins. Company v. Billups, 175 Miss. 771, 169 So. 32. The deraignment of title by appellees in this case shows that at the time of the tax sale appellant was such owner of the lands in which he alleges an interest. Whether this makes the sale void under the above mentioned authorities we pretermit for the reason that in our judgment appellant's petition to reopen was properly dismissed by the chancery court, and therefore, not being permitted to reopen, he was excluded from raising any question in the case. In Lamar Life Ins. Company v. Billups, supra, the land involved was assessed to certain parties at the time the sale for taxes was made, and later a trust deed thereon executed by such parties was foreclosed and the land purchased by the Lamar Life Insurance Company. Billups bought at the tax sale and contended that the foreclosure of the trust deed dispensed with the necessity of making them parties to the suit, since it divested their title existing at the time of the tax sale. The court held this view to be unsound. The sale there was one in invitum, while the sale here from appellant to Westerfield was voluntary and by quitclaim deed, not by warranty deed, so that the situation in the two cases is not exactly the same. However, here again we are not called on to decide the effect of the difference in view

of the conclusion we have reached in the issue before us.

As stated, the deraignment of title filed by appellees sets forth that appellant had conveyed away all of his rights by quitclaim deed. If he had done so by a warranty deed, the face of the record would have shown still an interest in him, which he would have a right to protect, and would have established him as a necessary party to the proceedings for confirmation of title in appellees. However, he did not do so, and the quitclaim deed was effectual to alienate all of his interests in the lands involved, so that when he filed his petition, since he was not a named defendant in the proceedings, it was necessary for him, by averments, to show the court the facts with reference to his status as one having or claiming an interest in the land, instead of a mere legal conclusion. The court would then have been in a position to determine whether or not he should be granted the privilege provided in Section 1392 of the Code of 1942. We have held repeatedly that in deraignments of title, where confirmation of title is sought, that the complainant must give the facts of his title and that a mere allegation of ownership is insufficient, being simply a legal conclusion. The appellant here contends that the statute does not require more of him than to file a petition saying that he has or claims an interest in the lands, which statement compels the court to reopen the case. His petition in this case was filed nearly a year after the final decree, which he seeks to reopen, was rendered. Proceedings to confirm titles have for their purpose, repose, and hence it is a serious matter to reopen and undo such proceedings, and should be done only where the right clearly appears in the petition. Otherwise, a mere interloper, or some person with fraudulent or sinister purpose, might at any time within two years after a purported final decree, on his mere naked statement that he has or claims an interest in the land, compel the court to vacate the decree, reopen and relitigate all issues involved. We do not think the

Legislature had any such intention in providing the remedy here sought.

The statute, Section 1392, Code 1942, reads: "If a defendant against whom a decree has been rendered on publication only, at any time before the expiration of the time allowed for a rehearing, shall appear and petition the court . . ." It will be remembered that appellant was not a named defendant, and before he can essentially be a defendant to a lawsuit it must be necessary or proper that he be such; that being so, when he files a petition under the statute, it is necessary, in our judgment, for him to demonstrate by facts that in good faith he has a substantial interest or claim in the lands, which cannot be done as was attempted here merely by the bald statement that appellant "claims the undivided one-fourth equitable interest in said lands." When it has been made satisfactorily to appear to the chancery court that the petitioner has identified his interest or claim sufficiently to bring him within the purview of the statute, then, and then only, he should be permitted to reopen the case, and the erstwhile petitioner having become established as defendant, then should "be permitted to plead, demur or answer to the bill, and to take testimony; and the cause shall be heard anew on its merits, and such decree be rendered as may be equitable, and the court may stay all proceedings in the meantime on the original decree . . ." It may thus be seen how serious a catastrophe could develop in such a matter if an interloper or ineligible person file a petition, and why no one should be permitted to reopen a final decree, merely on a bare, simple, insignificant statement that he has a claim or interest.

If a mere statement to the court that petitioner had an interest or claim be sufficient to reopen the case, and permit such party to plead, answer or demur to the original bill, why a petition at all? It would seem supererogatory to require it, all that would seem necessary would be the making of bond within two years and plead-

ing, answering or demurring. The Legislature had a purpose in requiring a petition to reopen, and that purpose was to confine reopening to the discretion of the chancellor, who, in the exercise thereof, must have sufficient facts to guide him. The chancellor had no such showing by appellant, in his petition, of an interest or claim, as was necessary, without which appellant had no right to reopen. Chrisman v. Currie, 60 Miss. 858, is interesting here.

For the reasons stated, we are of the opinion that the chancery court was correct in dismissing the petition of appellant for reopening this case, and the decree is affirmed.

Affirmed.