LEECH *v.* MASONITE CORPORATION.

Dec. 7, 1953

No. 38996 45 Adv. S. 50 68 So. 2d 297

*Ben Stevens,* Hattiesburg; *L. Barrett Jones,* Jackson; *H. D. Young,* New Augusta, for appellant.

*Deavours & Hilbun,* Laurel, for appellee.

APPELLANT IN REPLY.

Arrington, J.

Bill of complaint was filed in the Chancery Court of Perry County, Mississippi, by appellee, the record owner of the lands described in the bill, to cancel a cloud upon its title, forfeited land tax patent issued by the State to the appellant on February 16, 1948, covering the same lands. Appellee averred in its bill that the tax sale which was made in 1915 was void for the reason that the minutes of the board of supervisors did not show that notice as required by Section 4303 of the Code of 1906 was given the taxpayers, and for other reasons not necessary to mention here. Previous to the filing of this bill of complaint, appellant had confirmed his title against the State of Mississippi and against any and all other persons, affidavit being made by an attorney for appellant that he had made diligent inquiry to

ascertain the names and places of residence of any unknown parties having or claiming any interest in the land, and that after such diligent inquiry, he had been unable to ascertain the names and places of residence of any such persons in interest in the land and that he believed all such facts were unknown to the appellant after diligent inquiry to ascertain the same. Process by publication was made for unknown parties.

██ █ It was conclusively shown upon the hearing in the lower court that the minutes of the board of supervisors did not show that the notice as required by Section 4303, Code of 1906, had been given, which fact is conceded by appellant, but it is argued that since Section 4303, Code of 1906, provides that notice be given by the assessor and not by the board of supervisors, the giving of this notice is not a jurisdictional fact that must appear upon the minutes of the board of supervisors, and that the presumption is that the assessor did his duty and gave the notice required by law. This argument is without merit. This identical question was decided by this Court in the case of Gordon, et al. v. Smith, 154 Miss. 787, 122 So. 762. The Court held:

"The giving of this notice, as required by section 4303, Code 1906, was necessary to confer jurisdiction upon the board of supervisors to consider, equalize, and approve or confirm the assessment rolls; and this being true, the fact that such notice was given must affirmatively appear on the minutes of the board to give validity to any of its acts and orders touching the equalization and approval of said rolls. In the case at bar, the fact that notice had been given of the filing of the assessment rolls and the date of the meeting of the board to consider the same, as required by Section 4303, Code of 1906, does not appear on the minutes of the board; and, consequently, all acts and orders of the board in reference to the equalization and approval of the said rolls of 1909 and 1910 are void. * * * Section 4306, Code 1906,

Section 8228, Hemingway's 1927 Code, supplies or cures the omission of the final act of the board of supervisors in reference to the making of an assessment, that is, the final order approving the roll, provided it shall appear that such assessment was made according to law. In order for it to appear that the said assessment was made according to law, it must appear on the minutes, as a jurisdictional and therefore as an indispensable requisite, that the statutory notice to taxpayers has been given.

It is also argued by appellant that the appellee is precluded from asserting the invalidity of the tax sale because of the former decree confirming title in appellant against the State of Mississippi and all other persons having an interest in the land.

Section 1315, Miss. Code of 1942, provides that any patentee, or any persons, firm or corporation, claiming title or other interest in land under or through any patentee by virtue of any patent issued by the State for lands forfeited to the State for non-payment of taxes may proceed as party complainant against the State as a party defendant. But appellant attempted to go further and also confirm against others in the same bill. In order to do so it was necessary for him to comply with the requirements of Section 1314, Code of 1942, being the same as Section 402, Code of 1930, and Section 305 of Hemingway's Code. In the case of Lamar Life Insurance Company v. Billups, 175 Miss. 771, 169 So. 32, the Court held: "The directions of Section 402, Code 1930, to set forth the names and addresses of all persons interested in the land, so far as known or can be ascertained, constitute part of the requirements for a valid confirmation proceeding, and the statute must be strictly complied with."

The case of Paepcke-Leicht Lumber Company v. Savage, 137 Miss. 11, 101 So. 709, which was cited by the Court in the case of Lamar Life Insurance Company v.

Billups, supra, was very similar to the case now before us in that there had been a previous confirmation of the title under Sections 305 and 306 of Hemingway's Code. The defendants named in the bill were unknown parties and the affidavit of the attorney to the bill stated in effect that the post office addresses of the persons who owned the lands at the dates of the several sales for taxes were to him unknown, and that he believed they were unknown to the complainant; that after diligent search and inquiry for unknown persons, he had been unable to locate any of them. In passing upon whether the complainant was precluded from asserting the invalidity of the tax title by virtue of the former confirmation decree, the Court said:

"Under either of these two sections, 305 or 306, it is necessary that the bill disclose the names and places of residence of all persons interested in the land so far as known to the defendant or as he can ascertain by diligent inquiry. The reputed owners of the lands at the time of the tax sales, as disclosed by the abstract of title, are under these sections interested parties in these lands and they are necessary parties defendant. The names of these necessary defendants cannot be unknown to the complainant when the abstract of title discloses them. Also a diligent inquiry informs him of these names which appear on his abstract.

"In the case of Smith v. Denny, 90 Miss. 434, 43 So. 479, it is said that: 'It is of the very essence of a proceeding to confirm a tax title that the owner of the land at the date of sale, or his heirs, as the case may be, should be made parties, as well as other persons interested in the land, so far as known to the complainant, or as he can ascertain by diligent inquiry.'

"Under these statutes it is necessary that the persons or their heirs who appear to have been the owners of the lands at the time of the tax sales be made parties defendant. The publication for unknown defendants is

only good where the bill shows that the persons interested are unknown to complainant and that he has made diligent inquiry for their names and could not obtain them. This process by publication for unknown defendants is in lieu of personal service and summons by publication when the names are known. The proper service or publication of process is jurisdictional. The names of these defendants were not unknown, consequently the process for unknown defendants was not correct and was equivalent to no process, and therefore the court acquired no jurisdiction either over the lands or the persons of the defendants in the Hunter proceeding. That proceeding was void, and can be attacked here. It is not a case of a decree merely voidable or irregular, but a case of a void decree. The principle is well settled in this state that, where a decree is absolutely null and void, it is subject to attack anywhere collaterally or otherwise. Theobald v. Deslonde, 93 Miss. 208, 46 So. 712.''

Appellee has a straight chain of title from the government down; its deed was recorded in Perry County on January 1, 1938, and the land has been assessed to appellee and it has paid the taxes thereon since that date. It is inescapable that a diligent inquiry would have disclosed these facts.

 The appellee being a necessary party under Section 1314, Miss. Code of 1942, and not having been made a defendant in the former proceeding, and no process having been served upon it in that proceeding, is not precluded from asserting the invalidity of the tax sale. Comfort v. Landrum (Miss.), 52 So. 2d 658.

 The appellant also contends that appellee's suit was barred by Sections 709 and 710, Miss. Code of 1942. Although an entry was never made by the State, or any one claiming through it, until appellant went upon the land and cut timber therefrom in 1950, whereupon the action now pending before this Court was promptly

filed. ▆▆▆ The statutes of limitation do not begin to run against one in actual or constructive possession of lands until an adverse entry has been made, is well settled in this State. Newman v. J. J. White Lumber Co., 162 Miss. 581, 139 So. 838; E. L. Bruce Co. v. Smallwood, 188 Miss. 771, 196 So. 227; Grant v. Montgomery, et al., 193 Miss. 175, 5 So. 2d 491; Leavenworth v. Claughton, 197 Miss. 606, 19 So. 2d 815, Suggestion of Error, 197 Miss. 606, 20 So. 2d 821; State v. Butler, 197 Miss. 218; 21 So. 2d 650; Hooper v. Walker, et al., 201 Miss. 158, 29 So. 2d 72; Smith et al. v. Myrick, 201 Miss. 647, 29 So. 2d 924; Ellard v. Logan, (Miss.), 39 So. 2d 485.

The decree of the trial court in holding the tax sale of the land involved in this suit to be null and void, cancelling the patent from the State to appellant, confirming title in appellee, and granting other relief is affirmed.
Affirmed.

*McGehee, C. J.*, and *Kyle, Ethridge* and *Lotterhos, JJ.*, concur.