834 So.2d 718 (2003)
P. WILLIAMS a/k/a Howard Gober, Appellant
v.
The CHASE MANHATTAN BANK, Successor by Merger to Chase Bank of Texas, N.A. Formerly Known as Texas Commerce Bank, National Association, as Trustee and Custodian, Appellee.
No. 2002-CA-00038-COA.
Court of Appeals of Mississippi.
January 7, 2003.
*719 James H. Herring, Jackson, for appellant.
John Mark Franklin III, for appellee.
Before SOUTHWICK, P.J., BRIDGES and MYERS, JJ.
MYERS, J., for the Court:
¶ 1. The chancellor entered a default judgment wherein he ruled that notice from the chancery clerk to Chase Manhattan Bank, the holder of a deed of trust by virtue of a merger, regarding a tax sale was not sufficient pursuant to statutory requirements. The chancellor held that the tax sale was void, vacated the deed, and reinstated the deed of trust. Howard Gober, the true name of P. Williams, who was the purchaser at the tax sale, sought to have the default judgment set aside. The chancellor denied the motion. Gober appeals that denial asserting:
1. THE TRIAL COURT ERRED WHEN IT GRANTED A FINAL JUDGMENT IN FAVOR OF CHASE MANHATTAN; AND
2. THE TRIAL COURT ERRED BY DENYING THE MOTION TO SET ASIDE THE DEFAULT JUDGMENT.

STATEMENT OF THE FACTS
¶ 2. A tax sale of certain land was conducted on August 31, 1998. The purchaser was P. Williams. A subsequent tax deed was conveyed by the Chancery Clerk of Madison County on September 13, 2000. At some point, Chase Manhattan discovered that the tax sale had occurred. Chase Manhattan is the holder of a $204,000 deed of trust on the land dated November 10, 1997. Chase Manhattan attempted to locate the purchaser and eventually filed suit on March 5, 2001, against numerous people including the borrowers, the tax and court officials, and P. Williams. Chase Manhattan was able to determine that P. Williams was a fictitious name used by Howard Gober when he purchased the land at the tax sale. On May 2, 2001, securing the services of a private investigator, Chase Manhattan was able to serve process on Gober. Accompanying the process was the boilerplate language explaining the need to respond.
¶ 3. After receiving no response, Chase Manhattan filed for an entry of default on June 12, 2001, which was granted that day. Gober filed an untimely pro se answer on July 19, 2001. A final judgment was granted in favor of Chase Manhattan on August 10, 2001, without notice to Gober or a hearing. On November 6, 2001, Gober filed a motion seeking to set aside the default judgment. Gober served Chase Manhattan with his answer the following day. The chancellor held a hearing on November 9. The motion was denied by the court on December 7, 2001. Gober filed his notice of appeal on January 4, 2002.

LEGAL ANALYSIS
¶ 4. Since the two issues raised by Gober overlap, we will discuss the issues as a whole.
¶ 5. The Court follows a limited standard of review when addressing appeals from a chancery court. Reddell v. Reddell, 696 So.2d 287, 288 (Miss.1997). We shall not disturb the findings of a chancellor unless the chancellor was manifestly wrong, was clearly erroneous, or there was an application by the chancellor of an erroneous legal standard. Wright v. Roberts, 797 *720 So.2d 992, 997 (¶ 14) (Miss.2001); Mercier v. Mercier, 717 So.2d 304, 306 (¶ 8) (Miss. 1998).
¶ 6. Rule 55 of the Mississippi Rules of Civil Procedure allows for a default judgment. Chase Manhattan properly requested and received the entry of default under Rule 55(a). This does not appear to be contested, Gober swore that his answer was served within thirty days of process, although there is no certificate of proof to substantiate this claim.
¶ 7. Gober's appeal turns on the interpretation of Rule 55(b) and its application to these facts. The rule reads:
In all cases the party entitled to a judgment by default shall apply to the court therefor. If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing of such application; however, judgment by default may be entered by the court on the day the case is set for trial without such three days' notice. If in order to enable the court to enter judgment or to carry it into effect it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing with or without a jury, in the court's discretion, or order such references as it deems necessary and proper.
M.R.C.P. 55(b) (emphasis added).
¶ 8. Gober's first argument is that Chase Manhattan did not properly apply for the default judgment. Gober argues that there was no formal written application. A review of the record reveals that Chase Manhattan's request for a default judgment was granted. It is highly unlikely that a trial court would take up such action without a request. Gober's argument that there needs to be a formal written application is not well taken.
¶ 9. Gober's next argument is that a party is entitled to the notice of the hearing. We read the rule and do not come to the same conclusion. The rule specifically states that an appearance must be made for the notice requirement to be initiated. Just being a named party does not entitle one to such notice. One must be a party that has appeared to be entitled to the notice.
¶ 10. Gober next argues that his filing of his answer on July 19, 2001, even though untimely, constituted an appearance therefore resulting in the need for three days' notice and a hearing. Chase Manhattan counters that Gober did not properly file a motion to set aside the entry of default; therefore, the answer filed by Gober can not be considered an appearance. We hold that the filing of the answer, although untimely, constituted an appearance by Gober in the suit.
¶ 11. "The purpose of this portion of Rule 55(b) is simple: It is intended to protect those parties who, although delaying in a formal sense by failing to file pleadings within the thirty day period, have otherwise indicated to the moving party a clear purpose to defend the suit...." M.R.C.P. 55 cmt. Chase Manhattan argues that allowing an answer that is filed after the entry of default to count as an appearance would effectively eliminate the burden a defaulting party has when trying to set aside a default. Our decision does not go that far. We simply hold that even an untimely pleading filed after entry of default but prior to the default judgment constitutes an appearance and entitles that defaulting party to the notice and hearing *721 requirements of M.R.C.P. 55(b). The burdens remain the same.

CONCLUSION
¶ 12. By filing the pleading prior to the default judgment, Chase Manhattan was aware that Gober intended to defend the suit. We do not say that the default judgment was incorrect, but rather that notice and hearing be afforded to Gober. An attorney should check the trial docket prior to seeking a default judgment in order to prevent possible delays or other problems. The trial court may still have found and may still find that default judgment is proper, but Gober is entitled to three days' notice prior to the hearing.
¶ 13. THE JUDGMENT OF THE CHANCERY COURT OF MADISON COUNTY IS REVERSED AND REMANDED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, AND CHANDLER, JJ., CONCUR.
GRIFFIS, J., NOT PARTICIPATING.