BARNES, J.,
for the Court.
¶ 1. This is the second appearance before the Court of Appeals of this suit filed by the Chase Manhattan Bank (Chase Manhattan), holder of a deed of trust, to set aside a tax sale and reinstate the deed of trust. On January 7, 2003, we reversed the grant of default judgment in favor of Chase Manhattan and remanded the case to the Chancery Court of Madison County with instructions to give the tax sale purchaser, Howard Gober, three days’ notice prior to a hearing on the motion for default judgment. We recognized that Chase Manhattan “properly requested and received the entry of default under Rule 55(a)” and that upon remand the trial court “may still find that default judgment is proper, but Gober is entitled to three days’ notice prior to the hearing.” Williams a/k/a Gober v. Chase Manhattan Bank, 834 So.2d 718, 720-21 (¶¶ 6, 11-12) (Miss.Ct.App.2003).
¶ 2. On remand, Gober was given notice of the hearing in accordance with our opinion, appeared pro se, and participated. The chancellor subsequently granted Chase Manhattan a default judgment, held void the tax sale at which Gober received his tax deed, reinstated the deed of trust and ruled inter alia that Chase Manhattan is the record owner of the property pursuant to a substituted trustee’s deed, free and clear of any and all claims of Gober or anyone claiming by and through him. From this decision, Gober filed his pro se appeal.
¶ 3. Finding no error, we affirm.
STATEMENT OF FACTS AND COURSE OF PROCEEDINGS
¶ 4. At a tax sale held on August 31, 1998, certain property in Madison County was purchased by “P. Williams.” The Chancery Clerk of Madison County issued a tax deed to “P. Williams” on September 13, 2000. Subsequently, Chase Manhattan, which held a $204,000 deed of trust on the property dated November 10, 1997, discovered that the tax sale had occurred. The bank then filed suit to set aside the sale, naming several defendants involved in the sale, including the borrowers, tax and court officials and P. Williams a/k/a Howard Gober.[1] Gober was served with *842 process on May 2, 2001, but did not timely file an answer. After receiving no response, Chase Manhattan filed an application for entry of default on June 12, 2001, which the chancery clerk entered that same day. Gober filed an untimely pro se answer to the bank’s complaint on July 19, 2001. A final judgment was issued in favor of Chase Manhattan on August 10, 2001, without notice to Gober or a hearing. On November 6, 2001, Gober filed a motion seeking to set aside the default judgment. After his motion was denied, Gober initiated his first appeal to this Court.
¶ 5. In the first appeal, we interpreted Rule 55(b) of the Mississippi Rules of Civil Procedure to hold that an untimely pleading filed after entry of default, but prior to the entry of default judgment,, constitutes an appearance and entitles the defaulting party to three days’ notice prior to a hearing on the default application. Williams v. Chase Manhattan Bank, 834 So.2d 718, 720-21 (¶¶ 11-12). We thus remanded with instructions to give Gober a hearing upon three days’ notice. Williams, 834 So.2d at 721 (¶ 13). However, we also stated that Chase Manhattan properly requested and received the entry of default under Rule 55(a) and that upon remand the trial court “may still find that default judgment is proper.” Williams, 834 So.2d at 720-21 (¶¶ 11-12).
¶ 6. On remand, Gober was given notice in accordance with our opinion and appeared pro se at a February 25, 2003 hearing in the Chancery Court of Madison County before Chancellor William Lutz. At no time during the remand hearing did Gober offer competent proof showing why the default judgment should not' be entered against him. Out of an abundance of caution, the chancellor left the record open for an additional two weeks after the hearing for Gober to provide evidence.- While Gober supplied no competent evidence, he did place into the record twenty-three documents which were unauthenticated, contained hearsay, lacked relevancy and had upon the face .of the documents various unidentified handwritten annotations. Included among the documents were annotated copies of various chancery clerk records, none of which were certified, and various documents downloaded from the Internet. Chase Manhattan moved to strike Gober’s offer of proof, and while there is no order in the record striking the documents, the chancellor’s ruling indicates that he rejected all of Gober’s purported evidence.
¶ 7. Chase Manhattan offered proof that the default judgment was proper and proved the elements of its complaint that the tax sale was void. The chancellor ruled that Gober failed to respond timely to Chase Manhattan’s complaint since his answer was filed outside the thirty-day time limit for response, and ruled that Chase Manhattan had properly applied for and received the default judgment. Further, the chancellor held that the tax sale at which Gober received his tax deed was void because of the failure to provide notice of the sale to Chase Manhattan as required by law under Mississippi Code Section 27-43-1 et seq. (Rev.2002). Specifically, the chancellor found that the chancery clerk had no authority to execute a tax deed extinguishing Chase Manhattan’s rights due to the failure to address the notice correctly. He found that the notice was erroneously directed to “Chase Bank of Texas” at the address of “Chase *843 Bank Tower, 220 Ross Avenue, Dallas, Texas,” when the notice should have been sent to Chase Manhattan’s true address of “Chase Bank of Texas, f/k/a Texas Commerce Bank, 600 Travis, 10th Floor, Houston, Texas 77002.”
¶ 8. Because Chase Manhattan did not receive notice of the tax sale, the chancellor voided the tax sale and Gober’s resulting tax deed, and confirmed title to the property to Chase Manhattan free and clear of any claims and clouds on its title held by Gober. It is from this decision that Gober files pro se this second appeal.
ISSUE AND ANALYSIS
¶ 9. We note at the outset that Gober’s brief is incoherent, and his issues and arguments are hard to discern. His apparent argument, however, is that his .tax deed cannot be set aside because none of the bases to invalidate a sale, as identified in section 27-45-23 of the Mississippi Code, are present.[2]
¶ 10. We can summarily dispatch this argument. It is long settled that a tax sale in which a lienor fails to receive notice is void as to that lienor. Lamar Life Ins. Co. v. Billups, 175 Miss. 771, 783, 169 So. 32, 35-36 (1936). In Lamar Life Ins. Co., the Mississippi Supreme Court held that the predecessor of section 27-45-23 “must be construed in connection with other sections of the Code, and notably [the predecessor to section 27-43-11 of the Mississippi Code] in which it is provided that failure to give notice to the lienors ... renders the tax sale void as to the lienors.” Lamar Life Ins. Co., 175 Miss. 771, 169 So. 32 at 35-36.[3] Thus, we must read. the notice statutes together with the statutes governing validity; they must be merged into the same analysis. However, Gober requests that we don judicial blinders. He asks that we look to section 27-45-23 in isolation, wholly ignoring the notice requirements provided elsewhere in the Code. This is something we cannot do. The undisputed evidence which we will discuss further infra shows that the notice of the tax sale was directed to the wrong party, at the wrong address, in the wrong city. Chase Manhattan failed to receive the notice advising it of the tax sale; because of this lack of notice, the tax sale and Gober’s tax deed were void. The chancellor did not abuse his discretion in holding the sale invalid.
¶ 11.- With that said, we now turn to the central issue on appeal, i.e., whether the default judgment was properly entered against Gober. In reviewing a grant of default judgment, the decision of whether to uphold the grant or to set it aside is addressed to the sound discretion of the trial court. Soriano v. Gillespie, 857 So.2d 64, 67(¶ 11) (Miss.Ct.App.2003) (quoting Williams v. Kilgore, 618 So.2d 51, 55 (Miss.1992)). If the chancellor’s discretion is exercised in conformity with Rule 55(b) of the Mississippi Rules of Civil Procedure, we will affirm the ruling absent an abuse of discretion. Guar. Nat’l Ins. Co. v. Pittman, 501 So.2d 377, 388 (Miss.1987).
¶ 12. In determining whether a trial court has abused its discretion by issuing a judgment by default, we must consider three factors: (1) whether a de *844 fendant has good cause for default; (2) whether a defendant has a colorable defense to the merits of the claim; and- (3) the nature and extent of prejudice-to-the plaintiff if the default judgment is set aside. King v. Sigrest, 641 So.2d 1158, 1162-63 (Miss.1994) (quoting Williams, 618 So .2d at 51.)
(1) Good Cause for Default
¶ 13. As to the first element, we find that Gober totally failed to offer any evidence showing a reason for his default.
¶ 14. Gober was served with process on May 2, 2001, after a private detective was able to determine that the fictitious “P. Williams” listed as grantee on the tax sale deed was in fact Gober. While Gober represented that he mailed his answer to counsel for Chase Manhattan within the thirty-day period, counsel denied -receiving the notice. In our first opinion, we held that, there being no certificate of proof to substantiate Gober’s claim, Chase Manhattan “properly requested and received the entry of default under Rule 55(a).” Williams, 834 So.2d at 720(¶ 6). On remand, Gober doggedly continued to assert that he had timely mailed his answer, a conclusion that this Court previously rejected. No showing of good cause was made or attempted.
(2) Colorable Defense
¶ 15. One seeking to avoid entry of a default judgment must set forth in affidavit form the nature and substance of a colorable defense to the merits of the case. H & W Transfer and Cartage Serv., Inc. v. Griffin, 511 So.2d 895, 899 (Miss.1987). As we said in American Cable Corp. v. Trilogy Communications, Inc., 754 So.2d 545, 554(¶35) (Miss.Ct.App.2000), in order to set aside a default judgment a party must show facts, not conclusions, and these facts must be in the form of affidavits or other sworn forms of evidence.
¶ 16. Gober appeared pro se at the remand hearing, and the chancellor went to great lengths in order to allow Gober to bring forth whatever proof he might have. However, no proof was offered at the hearing. Gober offered neither affidavits nor any other sworn form of evidence setting forth any defense to Chase Manhattan’s complaint. At the close of the hearing, the chancellor, acting with an abundance of caution, allowed Gober two more weeks to submit evidence to the court. In response, Gober submitted numerous documents, none of which were admissible.
¶ 17. On the other hand, Chase Manhattan presented the court with a chronology of authenticated documents detailing the course of events and proving the central issue in the case — that is, that the bank had not received notice of the tax sale as required by law. Chase Manhattan’s proof included an affidavit from De-bie Williams, a vice president of the company who acted as the servicing agent for Chase Manhattan on the loan in question. She stated that between 1998 and 2000 Chase Bank of Texas f/k/a Texas Commerce Bank was a legal entity separate and distinct from an entity known as Chase Bank of Texas. Debie Williams said that from 1998 through 2000 Chase Bank of Texas i/k/a/ Texas Commerce Bank maintained its office at 600 Travis, 10th Floor, Houston, Texas 77002, and she said that the entity had never maintained an office at 200 Ross Avenue in Dallas, Texas. Furthermore, Ms. Williams said that at no time prior to August 31, 2000, did Chase Bank of Texas i/k/a Texas Commerce Bank receive notice of the impending maturity of a tax sale on the Madison County property.
¶ 18. Section 27-43-7 of the Mississippi Code states that:
*845 The notice [of expiration of the time of redemption] shall be mailed to said lien-ors, if any, to the post-office address of the lienors, if such address is set forth in the instrument creating the lien, otherwise to the post-office address of said lienors, if actually known to the clerk, and if unknown to the clerk then addressed to the county site of the said county.
Miss.Code Ann. § 27-43-7 (Rev.2002).
¶ 19. Under section 27-43-7, if the lien- or’s address does not appear on the face of the instrument creating the lien and the chancery clerk has no personal knowledge of the lienor’s address, the clerk must send notice addressed to the “county site of the said county.” See Curtis v. Carter, 906 So.2d 758, 759(¶ 5) n. 1 (Miss.2005). In this ease, the face of the assignment of the deed of trust to Chase Bank of Texas flk/a Texas Commerce Bank contained no address whatsoever. Thus, unless the clerk had personal knowledge of the true address of Chase Bank of Texas f/k/a Texas Commerce Bank, notice was to be sent to the “county site” of Madison County, i.e., Canton, Mississippi. There is no evidence in the record that the chancery clerk had personal knowledge of the address of Chase Bank of Texas f/k/a Texas Commerce Bank; no testimony was offered as to why the chancery clerk chose to send the notice to the Dallas address. The affidavit of Debie Williams establishes that the Dallas address was incorrect; thus, the chancery clerk failed to send notice to the address of Chase Manhattan “actually known to the clerk.” Further, there is no evidence, or even contention, that the clerk sent notice to the “county site.” See Carter, 906 So.2d at 759 (¶ 5) n. 1. Thus, the record reflects that the clerk failed to comply with the requirements of section 27-43-7.
¶ 20. Notice and the opportunity to be heard" are bedrock principles of our law. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). “The fundamental requisite of due process of law is the opportunity to be heard.” Id. at 314, 70 S.Ct. 652 (quoting Grannis v. Ordean, 234 U.S. 385, 394, 34 S.Ct. 779, 58 L.Ed. 1363 (1914)). The United States Supreme Court said that the right'to be heard is worth little “unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.” Id. In a tax sale context, the United States Supreme Court reiterated that notice of a tax sale to a mortgagee is an elementary and fundamental requirement of due process. Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 798, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). Since a mortgagee possesses a substantial property interest that is significantly affected by a tax sale, the mortgagee is entitled to notice that is “reasonably calculated to apprise him of a pending tax sale.” Id. Even before these United States Supreme Court decisions, our supreme court held a tax sale void where the lienor in the property sold for taxes received no notice. Everett v. Williamson, 163 Miss. 848, 143 So. 690 (1932). “[A] failure to give the required notice to lienors renders a tax sale void as to such lienors[.]” Id. at 854, 143 So.2d. at 692.
¶ 21. Reviewing the evidence, we find that Gober has produced no evidence of a colorable defense to the merits of Chase Manhattan’s complaint that it received no notice of the tax sale and thus he has failed to satisfy this element.
(3) Nature .and Extent of Prejudice to the Plaintiff if Default Set Aside
¶ 22. The record reveals that Chase Manhattan will be prejudiced if the *846 default is set aside. First, the bank has an investment in the property of $204,000 which it might lose if the litigation continues. Secondly, the cloud on Chase Manhattan’s title has prevented the bank from selling the property so as to recover its loan. Thirdly, in 2003 after we issued our remand order, Gober entered the property against the instructions of Chase Manhattan, changed the locks that the bank had put on the. house and put a tenant in the house from whom he is receiving rents. Meanwhile, Chase Manhattan is paying the utilities for the property and is keeping the grass cut. It is easily adduced from this evidence that Chase Manhattan will be prejudiced from a continuation of this needless litigation.
¶ 23. We find that the chancellor properly determined that Gober failed to demonstrate good cause to prevent entry of default judgment.
¶ 24. THE JUDGMENT OF THE CHANCERY COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR.

. Through the use of a private investigator Chase Manhattan was able to determine that "P. Williams” was a fictitious name used by Gober when he purchased the land at the tax *842 sale. Chase Manhattan contends that the deed is void because of Gober’s use of the fictitious name of "P. Williams” as the grantee of the tax deed. We decline to address this issue as it was not part of the chancellor’s reasoning in granting default judgment and is not necessary for the resolution of this appeal.

. Section 27-45-23 states in pertinent part that “No [tax sale] shall be invalidated in any court except by proof that the land was not liable to sale for the taxes, or that the taxes for which the land was sold had been paid before sale, or that the sale had been made at the wrong time or place.''

. Section 27-43-11 of the Mississippi Code also provides that where a tax sale is void for insufficient notice, the purchaser is entitled to a refund of all taxes paid.