# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CT-02036-SCT

*W. B. CURTIS, JR.*

**v.**

*ROBERT A. CARTER, SR.,*
*DIETER HASE AND*
*ELISABETH HASE*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 10/23/2001 |
| TRIAL JUDGE: | HON. JAYE A. BRADLEY |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | DAVID A. WHEELER |
| ATTORNEY FOR APPELLEES: | BILLY PARLIN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 06/23/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     W. B. Curtis, Jr. appeals from the grant of summary judgment to Robert A. Carter, Sr., Dieter Hase and Elisabeth Hase.  The Jackson County Chancery Court ruled that the City of Ocean Springs violated statutory provisions regarding notice to lienholders following a municipal tax sale and set aside the entire tax sale.  This judgment was affirmed by the Court of Appeals.  We find that the chancellor correctly set aside the tax sale insofar as it pertained

to the lienholders' interests, but that she erred in setting aside the entire tax sale inasmuch as those persons having ownership interests in the property were not joined as necessary parties.

## FACTS

¶2.    On August 31, 1992, the City of Ocean Springs held a tax sale for taxes due for 1991. Curtis bought the property which is the subject of this action at the tax sale.   The property was not redeemed, and on October 20, 1994, the City Clerk issued a "City Clerk's Conveyance, Land Sold for Taxes" to Curtis.   At the time of sale, two deeds of trust pertaining to the property were recorded: (1) Deed of Trust from Travis Taylor Lewis and Darla G. Lewis to Dieter Hase and Elisabeth Maclin Hase in the amount of $30,000 dated December 4, 1985, payable over a period of 180 months; and (2) All Inclusive Deed of Trust from Milton T. Cox and Deanna Cole to Robert A. Carter dated February 2, 1989, which secured $45,000 for a period of 24 months.   From the time between the tax sale and the clerk's conveyance, two other documents were executed and recorded concerning the subject property:   (1) Special Warranty Deed from Dieter Hase and Elisabeth Maclin Hase to Robert A. Carter dated October 5, 1993; and (2) Deed of Trust from Fred Burns and wife Teri D. Burns to Robert A. Carter, Sr., dated January 30, 1994, which secured $47,000 payable over a period of 240 months.   Therefore, at the time of the clerk's conveyance, the following persons had ownership interests in the property: Travis Traylor Lewis, Darla G. Lewis, Milton T. Cox, Deanna Cole, Robert A. Carter, Fred Burns and Teri D. Burns.   The following persons were lienholders: Dieter Hase, Elisabeth Maclin Hase and Robert A. Carter.

¶3.    Carter, Dieter and Elisabeth Hase filed suit and a motion for summary judgment to set aside the tax sale because of insufficient statutory notice.   The chancellor set aside the entire

2

tax sale, and, on appeal, the Court of Appeals affirmed the chancellor. *See Curtis v. Carter*, 2004 WL 2093735 (Miss. Ct. App. 2004). We granted Carter's petition for writ of certiorari.

## DISCUSSION

### I. WHETHER THE CHANCELLOR ERRED IN SETTING ASIDE THE TAX SALE INSOFAR AS IT PERTAINED TO THE LIENHOLDERS' INTERESTS.

¶4. Section 27-43-5 of the Mississippi Code Annotated (Rev. 2002) requires that a chancery clerk examine all deeds, mortgages and deeds of trust pertaining to the subject property and then send notice of the impending sale via certified mail, return receipt requested, to all lienholders. For purposes of the sale of land for non-payment of municipal taxes, a municipal clerk must issue the same notices and perform the same duties set forth in Miss. Code Ann. §§ 27-43-1 through -11. Miss. Code Ann. § 27-43-4 (Rev. 2002). It is undisputed that Carter received a notice but that it was not sent by certified mail. Therefore, the chancellor was correct in setting aside the tax sale insofar as it pertained to Carter's interests therein.

¶5. It is further undisputed that no notice was sent to the Hases.[1] Therefore, the chancellor was correct in setting aside the tax sale insofar as it pertained to the Hases' interests therein.

### II. WHETHER THE CHANCELLOR ERRED IN SETTING ASIDE THE ENTIRE TAX SALE.

---

[1]Even though there was no address for the Hases on the face of the deeds of trust, Miss. Code Ann. § 27-43-7 (Rev. 2002) requires that the clerk send notice "addressed to the county site of the said county." The clerk did not do so.

¶6.    Section 27-43-3 of the Miss. Code Ann. (Rev. 2002) provides that notice shall be served on anyone with ownership interests. The record shows that Travis Traylor Lewis, Darla G. Lewis, Milton T. Cox, Deanna Cole, Robert A. Carter, Fred Burns and Teri D. Burns all have ownership interests in the property. The record neither shows whether or not process was issued for these persons nor whether or not these persons were served with process, but none of these persons (except for Robert A. Carter) have been made parties to this proceeding.

¶7.    The chancellor erred in setting aside the entire tax sale because certain necessary parties (those persons having ownership interests) were not before the court, and the Court of Appeals erred in affirming the chancellor's judgment in its entirety. *See, e.g.,* ***In re Conservatorship of Brantley***, 865 So. 2d 1126, 1134 (Miss. 2004) (where conservator did not join all persons with interests in settlement, chancellor's award must be reversed).

## CONCLUSION

¶8.    We affirm in part and reverse in part the Court of Appeals' judgment. We affirm that part of the Chancery Court of Jackson County's judgment which sets aside the tax sale as to the lienholders' interests only. We reverse the Chancery Court of Jackson County's judgment insofar as it sets aside the entire tax sale and remand this case to that court for further proceedings in accordance with this opinion.

¶9.    **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**SMITH, C.J., COBB, P.J., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. GRAVES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**

4